IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT D. GILMORE, et al.,<br><br>Defendants. | Civil Action No. 2: 16-cv-1318<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## **MEMORANDUM OPINION**[1]

Presently before the Court is the Motion to Dismiss For Failure to State A Claim, with brief in support thereof, filed by Defendant Ankram. (ECF Nos. 20 and 21). Plaintiff has not responded to the motion, and the time for responding has now passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motion to dismiss to be ripe for resolution. For the reasons set forth below, the motion to dismiss will be denied.

## **Background**

Plaintiff, Quintez Talley ("Plaintiff" or "Talley") is a state prisoner in the custody of the Pennsylvania Department of Corrections currently confined at SCI-Graterford. On or about July 29, 2016, while incarcerated at SCI-Greene, Talley filed a civil action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") in the Court of Common Pleas of Greene County, Pennsylvania. (Doc. No. 1-2). The DOC Defendants removed the case on August 25, 2016. Plaintiff's operative pleading is the Amended Complaint filed on February 13, 2017. (ECF No. 17).

---
[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 13, 14, and 15.

1

The Amended Complaint separates the defendants into two groups: the Program Review Committee ("PRC"), a five member group, and the Psychiatric Review Team ("PRT"), a three member group of which movant Nurse Practitioner Ankram was a member. At all relevant times, with the exception of defendant Ankram, all defendants were employed by the Department of Corrections at SCI-Greene.

The Department of Corrections and the DOC employees have filed Answers to the Complaint. (ECF Nos. 19 and 27). The instant motion to dismiss was filed by Defendant Ankram.

Distilled to its essence, the Amended Complaint alleges that the PRC and PRT groups improperly changed Plaintiff's stability code from a "D" stability code to a "C" stability code, which resulted in him no longer being eligible for certain privileges and programs. Plaintiff alleges the change in classification was in retaliation or punishment for him filing a grievance, that the members of the PRC and PRT groups acted in conspiracy to change his classification, and that his continued placement in the RHU violated his Eighth Amendment rights.

Defendant Ankram seeks dismissal of the Amended Complaint based on Plaintiff's failure to exhaust his administrative remedies and on Plaintiff's failure to allege sufficient facts which establish that Ankram violated any of his rights.

## Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861

(2012) (*citing In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. at 130 (*quoting Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (*quoting Iqbal,* 556 U.S. at 679). Third, "'where there are well- pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (*quoting Iqbal*, 556 U.S. at 679).

**Discussion**

Defendant Ankram's arguments will be addressed seriatim.

A.   *The Administrative Exhaustion Requirement*

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 206 F.3d 289, 291 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). In order to fully exhaust remedies, a plaintiff must pursue a grievance through final administrative review. *Salley v. PA Dept. of Corr.,* 181 F. App'x 258, 264 (3d Cir. 2006).

Defendant Ankram does not dispute that Plaintiff filed grievances about the change in his mental health roster status. Rather, she argues that she was not specifically identified and/or the grievance(s) did not set forth any complaints about her specifically. Thus, according to Defendant Ankram, Plaintiff has procedurally defaulted and is prohibited from bringing a lawsuit against her.

The Court finds this argument unavailing. The Final Appeal Decision, dated 9/30/2015, indicates that Plaintiff's mental health roster status change was made by his PRT. (ECF No. 21-1, Exhibit C). Defendant Ankram does not dispute that she was a member of Plaintiff's Psychiatric Review Team. The Court finds that Plaintiff's statements in the grievances are enough to satisfy the exhaustion requirement.

B.  *Retaliation*

It is not entirely clear from the Amended Complaint, but it appears that Plaintiff is making both a retaliation claim under the ADA[2] (Amended Complaint, Paragraphs 32-33) and a First Amendment retaliation claim under Section 1983 (Amended Complaint, Paragraph 37).

As to the ADA claim, Defendant argues that the claim should be dismissed because there is no individual liability for damages under Title II. In contrast to discrimination claims under Title II of the ADA, claims for retaliation and/or coercion under Title V of the ADA are permitted. *See, e.g., Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1186 (11th Cir. 2003), *Glatts v. Lockett*, 2011 WL 772927, at *11 (W.D.Pa. Feb. 28, 2011) ("In contrast to discrimination claims under Title II of the ADA, claims for retaliation and/or coercion under Title V of the ADA are viable against natural person individuals sued in their individual capacities."); *Thomas v. Pennsylvania Dep't of Corr.,* 2008 WL 68628, at *5 (W.D.Pa. Jan. 4, 2008) (Gibson, J., adopting Report and Recommendation of Hay, M.J.) (Title II of the ADA permits individual liability claims only for retaliation / coercion). Because Plaintiff claims that his reclassification was done out of retaliation, Defendant's first argument is denied. *See* Paragraph 32 of the Amended Complaint.

Defendant also argues that the Amended Complaint sets forth no facts to support an allegation that Plaintiff is a "qualified individual with a disability," or that he was denied access to benefits, programs, or activities due to a disability. Again, the Court finds Defendant's arguments to be unavailing. The Amended Complaint reflects that Plaintiff has been diagnosed

---

[2]  The Amended Complaint refers to Title II of the ADA; however, it is Title V of the ADA that prohibits retaliation. To the extent that Plaintiff is claiming discrimination under Title II of the ADA, courts, including those in the Third Circuit, have held repeatedly that Title II of the ADA does not apply to actions against defendants in their individual capacities. The proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity. Because Defendant Ankram is not a public entity she cannot be held liable for damages under Title II.

as suffering from "serious mental illness" and that when he lost his "D" classification, he was denied certain privileges and programming.

As to the First Amendment claim, a prisoner claiming a First Amendment retaliation claim must show that: (1) his conduct was constitutionally protected; (ii) he suffered "adverse action" at the hands of the defendant, and (iii) there was a causal connection between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff asserts in the Amended Complaint that he told the PRT group that he should have been transferred out of the RHU and then filed a grievance when he was not transferred. According to Plaintiff, because of his protected activity, the PRT group retaliated against him when it reclassified him to a "C" stability status.

The Court has carefully reviewed Plaintiff's allegations of retaliation and finds that while the Amended Complaint has few facts, the allegations are enough to create a plausible claim under the ADA and/or the First Amendment. Defendant Ankram was a member of the PRT group, and accepting the facts alleged in the Amended Complaint as true and construing them in the light most favorable to Plaintiff, the motion to dismiss should be denied. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to either an ADA retaliation claim or a First Amendment retaliation claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

C.  *Eighth Amendment Claims*

The Amended Complaint states that because of his D stability code, pursuant to DC-ADM 801, Section 6, he should have been referred to a special needs unit, but rather he continually was housed in the RHU for over 15 months. The Amended Complaint further states that "[j]ust as Plaintiff had made PRT aware on several occasions, he'd informed PRC that the

6

ongoing and continuous placement in the RHU was effecting him mentally." Defendant Ankram asserts that there are no factual averments which show that she was specifically made aware that Plaintiff had a serious mental illness or that she acted with deliberate indifference to that serious mental illness. Again, while the facts are bare, the Court finds that Plaintiff has alleged enough to create a plausible Eighth Amendment claim against Defendant Ankram. She was a member of the PRT group and according to the Amended Complaint, only the PRT has the authority to change a prisoner's stability code. These allegations are sufficient to permit Plaintiff's Amended Complaint to survive at this early stage of the litigation.

D. *Conspiracy*

Next, Defendant moves to dismiss Plaintiff's conspiracy claim for failure to state a claim upon which relief can be granted, arguing that Plaintiff's allegations of conspiracy are vague and conclusory. The Court disagrees.

Plaintiff has pled that all Defendants participated in a conspiracy. Specifically, the Amended Complaint states that Defendants were acting together to "conceal and sweep under the rug the ill treatment (that was ongoing) Plaintiff had been subjected to while in the RHU from 11/18/2015 – 5/14/216, using their positions on the PRC and PRT, as well as the IGP as a means to achieve their goal; i.e., conspiracy." Amended Complaint at ¶ 38. At this early stage of the litigation, Plaintiff's factual allegations, viewed in the light most favorable to him as the non-movant, are sufficient to state a legal claim of conspiracy.

E. *Punitive Damages*

Finally, Defendant argues that Plaintiff's claim for punitive damages should be dismissed. Courts generally permit a claim for punitive damages to survive a motion to dismiss if the complaint sets out a cognizable deliberate indifference claim. This is so because the

7

standard to show "deliberate indifference" is substantially the same as the standard to show "reckless or callous indifference. *Thomas v. Luzerne Cnty. Corr. Facility*, 310 F.Supp.2d 718, 722 (M.D. Pa. 2004) (permitting punitive damages claim because the plaintiff alleged defendant's conduct "was intentional, willful and done with deliberate indifference."); *Walker v. Brooks*, No. 07–280, 2009 WL 3183051 at *9 (W.D.Pa. Sept. 30, 2009) ("The standard to show 'callous indifference' to a federally protected right has been found to be essentially the same standard as 'deliberate indifference' under the Eighth Amendment."); *Bermudez v. City of Phila.,* No. 06–4701, 2007 WL 1816469 at *3 (E.D.Pa. June 21, 2007) (holding that since the complaint set out a deliberate indifference claim, "it follows logically that 'reckless or callous indifference' has been noticed"). Here, Plaintiff's allegations are sufficient to state deliberate indifference claims. Accordingly, at this time, the Court declines to dismiss Plaintiff's claim for punitive damages.

## Conclusion

For the reasons stated above, the Motion to Dismiss will be denied. A separate order follows.

DATED: June 7, 2017

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: QUINTEZ TALLEY
KT-5091
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244
(via U.S. First Class Mail)

TIMOTHY MAZZOCCA
Office of Attorney General
(via ECF electronic notification)

CASSIDY L. NEAL
Mats Baum O'Connor P.C.
(via ECF electronic notification)