IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Quintez Talley, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 16-1318 |
| | : | |
| Robert D. Gilmore, et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' JOINT BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY**

Plaintiff has filed a Motion in Limine seeking to exclude any undisclosed expert testimony, which Plaintiff interprets to mean testimony from Plaintiff's treating physicians that Plaintiff deems to be expert opinion. (Plaintiff does not specify what testimony this would be.) Plaintiff also seeks to preclude any testimony about treatment or evaluations that occurred after May 13, 2015, which is the date of the alleged retaliation (that is, the switch of stability codes from D to C).

As an initial matter, Defendants do not have any experts other than Dr. Jason Roof, M.D., whom Defendant Ankrom retained and whose reports were provided to Plaintiff in accordance with applicable deadlines.

As for testimony by Plaintiff's treating physicians, there is a well-developed body of case law for witnesses who are called primarily as fact witnesses but who have the expertise such that they could have been called as experts. An excellent exposition of this law is set forth in Walker v. Mankey, No. 14-1504 (W.D. Pa. 2018) (M.J. Lenihan) at ECF 344. In Walker, Counsel for Defendant Burt and Wettgen filed essentially the same Motion in Limine as Plaintiff has filed in

1

this case. However, that position turned out to be erroneous, and the Court rightly denied Counsel's Motion, just as the Court should deny Plaintiff's Motion here, for the reasons set forth below.

Witnesses who have the expertise to have been called as experts, but who are primarily called as fact witnesses, which includes the named Defendants and Plaintiff's treating mental health providers in this case, are able to offer lay opinion testimony that is akin to expert testimony under Rule 701 provided that the witnesses possess relevant sufficient knowledge or expertise. Wilburn v. Maritrans GP, Inc., 139 F.3d 350, 356 (3d Cir. 1998); Asplundh Manufacturing Division v. Benton Harbor Engineering, 57 F.3d 1190, 1193 (3d Cir. 1995). This lay opinion testimony even is authorized if it goes to the ultimate issue that is to be decided by the trier of fact. Wilburn at 356.

There is a caveat, however. Witnesses offering expert testimony under Rule 702 may answer hypothetic questions, whereas lay opinion testimony by witnesses with subject matter expertise is limited to opinions rationally based on the perception of the witness (that is, the witness has personal knowledge) and helpful to a clear understanding of his or her testimony or a fact in issue. Teen-Ed, Inc. v. Kimball Int'l Inc., 620 F.2d 399, 403 (3d Cir. 1980); Asplundh at 1193, 1198. That is, such a witness cannot opine about hypotheticals, as an expert witness can. Teen-Ed at 404.

Moreover, because any such testimony is offered under Rule 701, no prior disclosure of that lay opinion testimony is required. Wilburn at 356; Teen-Ed at 404. However, the trial judge must determine that the witness possesses the experience or specialized knowledge to offer the technical opinion before the opinion can be offered. Asplundh at 1201-1202.

In this case, the named Defendants and Plaintiff's treating mental health providers are being offered primarily to testify about their treatment of him. However, that testimony necessarily requires an explanation for why Plaintiff was treated as he was, or why the provider concluded what he or she did about the necessity or lack thereof of such treatment. Such explanations can blur the lines between fact and opinion testimony, but as explained above, even as opinions they are admissible provided that the Court determines that the witnesses possesses the necessary experience or specialized knowledge, which in this case is of no difficulty in answering in the affirmative. Therefore, this part of Plaintiff's Motion should be denied.

Plaintiff also raises the separate issue in his Motion that the named Defendants and Plaintiff's treating mental health providers should not be allowed to testify about any treatment or evaluations after May 13, 2015, the day his stability code was changed. Plaintiff contends that such evidence is not relevant to whether Defendants retaliated against him and is barred by Rule 403.

Defendants do not intend to focus on treatment or evaluations that post-date May 13, 2015, but limited testimony of them soon after May 13, 2015 is relevant. For example, Dr. Hylbert completed a chart review of Plaintiff's records on May 19, 2015 and evaluated Plaintiff on May 28, 2015. Dr. Hylbert noted that Plaintiff should remain a C code. Such evidence directly contradicts Plaintiff's claim in this case that Defendants retaliated against him by improperly changing his stability code from a D to a C, and as such is highly relevant. Such evidence does it implicate Rule 403 in any way. Indeed, not allowing such testimony would unduly prejudice Defendants, as without it the question of whether psychiatric providers reverted Plaintiff to a D code after it was changed to a C code on May 13, 2015 would be left open, allowing the inference that Plaintiff's treating mental health providers disagreed with the stability code change, giving

credence to the argument that the change was retaliatory when in fact the evidence is to the contrary. Therefore, this part of Plaintiff's Motion should be denied as well.

                                       Respectfully submitted,

                                       JOSH SHAPIRO
                                       Attorney General

                                       /s/ Timothy Mazzocca
                                       TIMOTHY MAZZOCCA
                                       Deputy Attorney General

                                       KAREN M. ROMANO
                                       Acting Chief Deputy Attorney General
                                       Civil Litigation Section
                                       OFFICE OF ATTORNEY GENERAL
                                       1251 Waterfront Place
                                       Mezzanine Level
                                       Pittsburgh, PA 15222
                                       *Attorneys for Defendants Burt and Wettgen*

                                       /s/ Cassidy Neal
                                       CASSIDY NEAL
                                       Matis Baum O'Connor, P.C.
                                       912 Fort Duquesne Boulevard
                                       Pittsburgh, PA  15222
                                       *Attorneys for Defendant Ankrom*

October 7, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within ***Brief in Opposition to Plaintiff's Motion in Limine at ECF 180*** was served upon the following individual via the ECF filing system.

**Maureen K. Barber, Esq.**
Morgan, Lewis & Bockius, LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219

        By:     /s/ Timothy Mazzocca
        TIMOTHY MAZZOCCA
        Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

Date:  October 7, 2019